IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CREE, INC.,

                Plaintiff,                OPINION & ORDER

  v.

                                             14-cv-621-wmc

KINGBRIGHT ELECTRONIC CO., LTD.,
KINGBRIGHT CORPORATION and
SUNLED CORPORATION,

                Defendants.

---

      Plaintiff Cree, Inc. brought this patent action against defendants (collectively, "Kingbright") on September 15, 2014, alleging infringement of six of its patents related to light-emitting diode ("LED") technology. On January 29, 2015, the court entered a scheduling order setting the following schedule:

1. **Establishing standing to assert the patent(s)**: **February 20, 2015**[.] By this date, plaintiff must submit to the court proof that it has standing to sue on the patents claimed, either by stipulation or by admissible evidence. . . .

2. **Amendments to the Pleadings: March 13, 2015**[.] After this date, a party may not amend its pleadings without first receiving leave of court.

(Preliminary Pretrial Conference Order (dkt. #33) 1-2.)

      On March 13, Cree filed an amended complaint without seeking leave of court, as the scheduling order contemplates. (Dkt. #51.) While the amended complaint asserts claims under the same six LED patents, it also adds claims of infringement of two additional patents that are directed not to LEDs but instead to "LED chips" (the semiconductor parts used in making a final LED product).

On March 25, Kingbright filed a motion to strike the amended complaint (dkt. #54), somewhat hyperbolically declaring that "Cree has disrespected the Court's scheduling order and ignored the Federal Rules of Civil Procedure in filing its 'First Amended Complaint.'" (Defs.' Br. Support Mot. Strike (dkt. #55) 1.)  At best, this declaration is an exaggeration, since Cree had the right to amend its pleadings without seeking leave of court anytime on or before March 13, making its first amended complaint timely by the terms of the scheduling order and obviating any need for Cree to make a formal motion for the court's leave to amend.  (*See* Preliminary Pretrial Conference Order (dkt. #33) 2.)  This also renders hollow Kingbright's assertions that Cree acted in bad faith and with the intent to prejudice Kingbright by amending its pleadings.[1]

In briefing, Kingbright fails to confront this problem with its motion.  Rather, it focuses on the only deadline Cree has arguably missed:  the February 20 cutoff to provide proof of standing to sue on its patents.  Since the LED chip patents were not part of the lawsuit on February 20, of course, Cree had no obligation to produce proof of standing to sue on those patents at that time.  Even so, Kingbright is technically correct that Cree's amendment necessitates a modification of the scheduling order, at least with respect to the proof-of-standing deadline.  But the court's own scheduling at least implicitly contemplates this situation, since it established the proof-of-standing deadline before the cutoff to amend the pleadings without leave of court.  (*See* Preliminary Pretrial Conference Order (dkt. #33) 1-2.)

---

[1] The court also notes that, while Kingbright makes much of the fact that Cree's LED chip patents are allegedly "unrelated" to its LED patents, Federal Rule of Civil Procedure 18 expressly permits a party to "join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).

This case also bears *no* resemblance to the cases Kingbright cites to support its position that Cree cannot amend without altering the schedule. For example, in *Wicke v. L & C Insulation, Inc.*, No. 12-cv-638-wmc, 2013 WL 5570323 (W.D. Wis. Oct. 9, 2013), plaintiffs sought to amend their complaint to add claims for a collective action pursuant to the Fair Labor Standards Act more than a year after they initiated the lawsuit, which would have required building in significant time to the established schedule for the two-step collective action conditional certification process. *Id.* at *2. In *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533 (5th Cir. 2003), the plaintiff sought to amend three months *after* the deadline to amend pleadings had passed -- not, as here, within the deadline to amend that the court itself set. *Id.* at 535. Here, in contrast, the only change to the scheduling order required by Cree's amendment -- a later date by which to disclose proof of standing to sue on the newly-asserted LED chip patents -- will have no effect on Kingbright.

If Kingbright believes it will need additional time before trial in light of Cree's amended pleadings, it is free to move for a modification of the scheduling order, but with dispositive motions nearly ten months away and trial not set until July of 2016, this seems farfetched. Indeed, Cree need not even identify its infringement contentions for another month. (Preliminary Pretrial Conference Order (dkt. #33) 2 (plaintiff's infringement contentions due May 1, 2015).) In light of all this, Kingbright's assertions of "serious prejudice" and "blatant delay" strike the court as preposterous.

In any event, Kingbright's arguments do not persuade the court that it should strike Cree's amended complaint. Instead, the court will give Cree ten (10) days to provide proof of standing with regard to the newly named patents. Problem solved.

3

On March 25, Kingbright also filed an "expedited" motion for an extension of time to file its answer or responsive pleading to the amended complaint. (Dkt. #58.) "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Assuming the amended complaint was served electronically on the same day it was e-filed, March 13, Kingbright's answer is due today, March 27. Kingbright's delay in moving for an extension of time is mystifying, given that it could certainly have requested this extension as soon as it received the amended complaint and could, therefore, have averted the "crisis" of a looming deadline and the need for this "expedited" motion.

Even more mystifying, however, is why the plaintiff did not agree to a short extension, rather than making a motion for an extension of time necessary and perhaps prompting defendant's ill-considered motion to strike. Since the court is unable to assign blame to either side (and, at this relatively early stage of the lawsuit, is frankly uninterested in doing so), it will solve the problem by granting Kingbright a short extension to answer while denying its motion to strike. Kingbright may have an additional 14 days to answer, move or otherwise respond to the amended complaint.

Next time, whatever may otherwise be occurring between the parties in other venues, including the marketplace, the court expects counsel for the parties here to cooperate in resolving similar, minor claims of prejudice or requests for immaterial extensions of time. Failure to do so going forward will likely lead the court to begin assigning blame.

ORDER

IT IS ORDERED that:

1) Defendants' motion to strike the amended complaint (dkt. #54) is DENIED.

2) Plaintiff must file its proof of standing with respect to newly referenced patents on or before April 6, 2015.

3) Defendants' expedited motion for an extension of time to file its answer (dkt. #58) is GRANTED IN PART, consistent with the opinion above.

Entered this 27th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge